CHRISTOPHER ANDERSON, RESPONDENT, *v.* JAMES W. STEVENS, IMPLEADED WITH GEORGE BRAZIER AND WILLIAM BRAZIER, APPELLANT.

1. LIABILITY OF GUARANTOR.—A. held the note of B., which had been transferred to him by S., who represented the note as "good." After the note was past due and unpaid, S. indorsed the same as a guarantee that the note was good. Afterwards, without any notice to S. of the non-payment of the note by B., suit was commenced by A. against S. and the makers thereof. *Held*, That S. was a guarantor, and can be held liable on the note only after a regular prosecution against the maker thereof, and the use of due and reasonable diligence on the part of plaintiff to collect the same from the maker by due course of law.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the Court.

*W. W. Woods*, for appellant.

It is the universal rule that every one who in any way becomes surety for another, is discharged from this secondary obligation if the creditor does not hold the principal debtor to

Christopher Anderson v. James W. Stevens et al.

his obligation with strictness.   2 Pars. Notes & Bills, 32, 46, 47, 51.

The indorsment herein is not a guaranty.   The guaranty, under our statute, must be in writing.   C. L. p. 340, § 1014.

But were it a guaranty, there must be demands on principals and reasonable notice to the guarantor to bind him.   2 Pars. Cont. (6th ed.) 27.

If the guaranty is that the note is good, that is collectable, legal proceedings against all the principals are requisite to make guarantor liable.   2 Pars. Cont. (6 ed.) 29, 22–25.

Paper payable at a certain time is dishonored by mere non-payment at that time.   1 Pars. Notes & Bills, 270.

As to paper taken after dishonor.   *Ibid*, 261.

Paper assigned or indorsed, after due, must be presented to principal debtor, and demand for payment made, and notice given that holder will look to indorse at once.   By being taken after maturity, the holder holds it at his peril.   2 David's Neg. Instruments, 48 and notes; *Light* v. *Kingsbury*, 50 Mo. 331; 1 Pars. Notes & Bills, 581, 582, and notes; *Beebe* v. *Brooks et al.*, 12 Col. 308; *McKeever* v. *Kirtland*, 33 Iowa, 348; Pars. on Cont. p. 255, § 256; *Mayer* v. *Brackett*, 12 Map. 450; *Berry* v. *Robinson*, 9 Johns. 121.

Notice of non-payment must be given if parties are in the same town, personally; the next day after demand upon the principal debtor, to the indorser, even if the paper be indorsed overdue.   1 Pars. Notes & Bills, 482, 484; 1 Pars. Con. 280, 281 and note.

*H. F. Williams*, for respondent.

James W. Stevens, one of the appellants, sold the note of George and William Brazier to Christopher Anderson for value, after it was due.   Having owned the same ever since it was made, being the payee of the note, he must be presumed to know all about the solvency of the makers.

The suppression of such knowledge was a fraud upon Anderson, and Stevens should be held responsible for all damages

sustained by Anderson. Stevens will be presumed to have known whether or not the makers were solvent. His misrepresentation of the value of the note was a fraud upon Anderson, for which he should be held responsible. 1 Daniels on Neg. Instruments, §§ 733, 736; *Bridge* v. *Batchelder*, 9 Allen, (Mass.) 394; *Martin* v. *Roberts*, 5 Cush. (Mass.) 126; 2 Pars. Notes & Bills, 206–208.

The indorsement by Stevens made it a note of his own; he could have been sued thereon alone. The statement of Stevens that the note was good was a representation of the value thereof, not a " promise to answer for the debt, default or miscarriage of another." The fact that the note was past due in the hands of the payee; the representation that he made to rid himself of it, paying it with the money of his principal (to himself) will be most strongly construed against him. 1 Daniels on Neg. Instruments, § 669; *McGee* v. *Connor*, 1 Utah, 92, and authorities heretofore cited.

BOREMAN, J., delivered the opinion of the court:

On the 18th May, 1875, George Brazier and William Brazier executed their promissory note, due at ninety days, to appellant, James W. Stevens. On 10th February, 1877, Stevens transferred the note to respondent without indorsement, in payment of one hundred dollars, and the respondent took the note as payment of such amount, due him from another party, but thus paid by Stevens, through an arrangement between that other party and Stevens. The note, although past due at the time of the transfer by Stevens to respondent, was represented by said Stevens to be good.

Respondent presented the note to the makers for payment, and payment was refused, and several months thereafter respondent notified appellant of such demand and refusal. The appellant then endorsed the note by writing his name on the back thereof. The note was not thereafter paid by the makers, but the respondent did not notify appellant of such non-payment by the makers, except by the institution of this action.

Christopher Anderson v. James W. Stevens et al.

The court below gave judgment for plaintiff (respondent here) and, thereupon said Stevens (defendant) appealed to this court.

The purpose of appellant in endorsing the note does not appear, otherwise than inferentially. No testimony was introduced to explain it, and there was no valuable consideration for the indorsement passed at the time it was made. The appellant had, at the time of the delivery of the note to respondent, represented to the respondent that the note was good. We are of a necessity, therefore, to infer that appellant's indorsing the note was simply as a guaranty that the note was good. Before, therefore, the appellant could be held responsible, it was incumbent upon the respondent to show that the note was not good. 2 Pars. on Bills & Notes, 141. This has not been done nor attempted to be done. No action was ever brought against the makers, prior to the present suit, to ascertain the fact, nor any execution returned, with the return of the officer, showing that the money could not be made out of the makers; nor is there any proof of the insolvency of the makers at the time of delivery, or indorsement, or since. The respondent having failed to show that the note was not good, the appellant was not responsible.

The judgment of the court below is reversed, with costs.

HUNTER, C. J., and EMERSON, J., concur.